UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            v.

ANTHONY MAURICE LYNCH, a/k/a
ANT,

                    *Defendant-Appellant.*

No. 01-5022

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Frederick P. Stamp, Jr., District Judge.
(CR-00-7)

Submitted: July 18, 2002

Decided: August 21, 2002

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Richard W. Shryock, Jr., R. MIKE MULLENS & ASSOCIATES,
Elkins, West Virginia, for Appellant. Thomas E. Johnston, United
States Attorney, Sherry L. Muncy, Assistant United States Attorney,
Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Anthony Maurice Lynch appeals his 210 month sentence pursuant to his guilty plea to aiding and abetting crack cocaine distribution, in violation of 18 U.S.C. § 2 (1994), and distribution of crack cocaine, in violation of 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2002). After pleading guilty, while released on bond, Lynch committed two criminal offenses in Florida, driving under the influence and petit retail theft, pleading guilty to both crimes. The district court denied Lynch an adjustment for acceptance of responsibility, and sentenced him to 210 months incarceration and three years of supervised release. Lynch appeals.

On appeal, Lynch asserts the district court erred in denying him an adjustment for acceptance of responsibility based on his unrelated criminal conduct. The district court's determination regarding acceptance of responsibility is factual, and we review it with great deference for clear error. *U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.5) (2000); *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). Lynch's claim is meritless; his failure to voluntarily withdraw from criminal conduct establishes the district court did not err in denying him an adjustment for acceptance of responsibility. USSG § 3E1.1, comment. (n.1(b)).

Accordingly, we affirm Lynch's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*